## FINK–ROSELIEVE CO., Inc., v. ELKAY PHOTO PRODUCTS, Inc.

### No. 447.

District Court, D. New Jersey.

Nov. 13, 1941.

Benjamin B. Feinfeld, of Newark, N. J. (William R. Lieberman, of New York City, of counsel), for plaintiff.

George J. Chryssikos, of New York City (Meyer D. Siegel, of New York City, of counsel), for defendant.

SMITH, District Judge.

This is a suit for the infringement of Patent No. 2,151,907, issued to the plaintiff on the application of Lawrence R. Fink, who, prior to the issuance thereof, assigned all right, title and interest therein to the said plaintiff. The suit is directed to two products of the defendant: the first, a device manufactured and sold by the defendant between March 28, 1939 and July 27, 1939; the second, a similar device manufactured and sold by the defendant since the latter date. The defendant denies infringement and challenges the validity of the patent.

Findings of Fact.

I. The plaintiff, Fink-Roselieve Co. Inc., is, and was, the owner of Patent No. 2,151,-907, issued on March 28, 1939. The said plaintiff acquired all right, title and interest in and to the said patent prior to the issuance thereof under an assignment by Lawrence R. Fink.

II. The said patent is directed to a "Film Processing Device." The alleged invention is adequately defined in claim 3, which is illustrative of claims 4 and 6, all of which the plaintiff relies upon and alleges were, and are, infringed by the defendant. The alleged invention is defined in the said claim as follows:

"A reel for use in film developing tanks comprising a pair of spaced apart discs each of which has a helical film receiving groove thereon, the path of the helix being in from the outermost convolution thereof, an opening in each of said grooves near the beginning thereof for the entrance of film thereinto, *and a wall portion across the groove at the beginning thereof, adjacent the opening, for locking the film against accidental displacement from the grooves.*" (Italics by the Court.)

The limited scope of the allowed claims is apparent from the file wrapper, a certified copy of which is in evidence. It appears therefrom that of sixteen claims advanced by the patentee in the prosecution of his application, ten were rejected in their entirety and were thereupon cancelled. When the claims in suit are read and interpreted

in the light of the rejected claims and the prior art, it is evident that the inventional elements are restricted to those hereinabove underlined. The claims are limited to a pocket, adjacent to the reel entrance (the point at which the film is inserted), so designed and constructed as to prevent displacement of the film.

III. The said claims are anticipated by the disclosures of the prior art, as exemplified in the Pless Patent (No. 2,112, 605), the Stevens Patent (No. 1,921,012), the Steward Patent (No. 746,756), and the Pejois Patent (French—No. 807,882). The said prior art patents are directed to film processing devices similar to that of the present patentee, and make specific reference to locking devices so designed and constructed as to prevent the displacement of the film. The present alleged invention is undoubtedly an improvement, but it cannot, however, be characterized as an "invention." It necessarily follows that the claims in suit cannot be sustained because of anticipation.

IV. The absence of invention is, in the opinion of the Court, beyond question. The claims, even when considered per se, without reference to the prior art, disclose nothing more than common mechanical ingenuity. The claims, therefore, are invalid because of the lack of invention.

V. The defendant during the period from March 28, 1939, to July 27, 1939, had been engaged in the manufacture and sale of a film processing device, not only similar to, but identical with that to which the claims in suit are directed. This product is referred to herein as the "first" device. This fact is not disputed. It, therefore, follows that if the claims in suit are valid the defendant has infringed.

VI. The defendant is, and has been, engaged since July 27, 1939, in the manufacture and sale of a film processing device similar to, but not identical with, that to which the claims in suit are directed. The defendant has eliminated the pocket and has constructed across the peripheral groove a dentate wall; this construction is extended to prevent displacement of the film. This device does not infringe the claims in suit.

### Conclusions of Law.

I. Claims 3, 4 and 6 of the patent in suit are invalid for the reasons hereinabove stated.

II. The "second" device of the defendant does not infringe the claims in suit.

A judgment in favor of the defendant and against the plaintiff may be entered.